**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4436**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

KAYLAN BROOKE ELLIS,

      Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:19-cr-00588-WO-2)

Submitted: June 8, 2021                    Decided: June 16, 2021

Before THACKER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester III, SHARPLESS MCCLEARN LESTER DUFFY, PA, Greensboro, North Carolina, for Appellant. Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaylan Brooke Ellis pled guilty pursuant to a plea agreement to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and ten counts of wire fraud, in violation of 18 U.S.C. § 1343. The district court calculated Ellis' advisory ranges under the U.S. Sentencing Guidelines Manual (2018) at 10 to 16 months' imprisonment and 1 to 3 years of supervised release and sentenced her to concurrent terms of 12 months and 1 day in prison and concurrent terms of 3 years of supervised release. On appeal, Ellis' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Ellis' prison and supervised release sentences are reasonable. Although notified of her right to do so, Ellis did not file a pro se supplemental brief. The Government did not file a response brief. We affirm.

"We review a [criminal] sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In conducting such review, we must first ensure that the district court did not commit any "significant procedural error," such as "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51). When rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its

2

chosen sentence, and address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

If the sentence is procedurally sound, we review the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable, and Ellis bears the burden of demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

After review of the record, we conclude that the district court properly calculated Ellis' Guidelines prison range, gave counsel an adequate opportunity to argue for an appropriate sentence, properly heard allocution from Ellis, and considered counsel's argument and Ellis' allocution, the advisory Guidelines range, and the § 3553(a) factors. The court determined that the prison sentence of 12 months and 1 day was warranted based on the nature and circumstances of Ellis' offense conduct and her rehabilitative history and the needs for the sentence imposed to reflect the seriousness of her offenses, to afford adequate deterrence, and to protect the public, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The district court's explanation was sufficient to support the imposition of this term, and Ellis does not point to any factors to overcome the presumption of reasonableness afforded to it.

3

Turning to the reasonableness of Ellis' three-year term of supervised release, because this issue was not raised before the district court, our review is for plain error only. *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). "To satisfy plain error review, the defendant must establish that: (1) there is a sentencing error; (2) the error is plain; and (3) the error affects h[er] substantial rights." *Id.*

Ellis' convictions were for Class C felonies, and, thus, the authorized terms of supervised release that could be imposed as part of her sentences for these offenses were not more than three years per count. 18 U.S.C. §§ 3559(a)(3), 3583(b)(2). The district court properly calculated Ellis' supervised release Guidelines range and, after hearing argument and Ellis' allocution, did not plainly err in its consideration of the supporting § 3553(a) factors. The court's comments sufficiently reveal the basis for the term it imposed, and Ellis proffers no argument suggesting that the within-Guidelines supervised release term was unreasonable when measured against the § 3553(a) factors. She thus fails to establish plain error in her three-year term of supervised release.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Ellis, in writing, of the right to petition the Supreme Court of the United States for further review. If Ellis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ellis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*